JAMES C. STOCKER v. THE DURO COMPANY, A CORPORA-
TION OF NEW YORK.

Decided April 14, 1931.

Before Justice PARKER, at chambers, on *ex parte* affidavits
by counsel.

For the plaintiff, *Robert H. Schenck.*

For the defendant, *Jerome Alper.*

MEMORANDUM.

Defendant is a New York corporation. The summons was
left by the sheriff at the home of defendant's president in
East Orange with one of the house servants. If the suit had
been against the president that service would be clearly good.
Similarly if defendant were a New Jersey corporation. As
to a foreign corporation it is not good unless the circum-
stances show a situation in which attachment will not lie.

In *Goldmark* v. *Magnolia Metal Co.,* 65 *N. J. L.* 341, it
was held that where a foreign corporation owns property
in this state and transacts business here, but has not quali-
fied to do business in the manner provided by statute, an
attachment will lie. This rule, however, was relaxed by a
recent decision of the Court of Errors and Appeals in *Mellor*
v. *Edward N. Hartford Co.,* 7 *N. J. Adv. R.* 871, wherein it
was held that "where the corporation * * * has its plant
and property in New Jersey, and has resident officers here

upon whom process can be served, it is considered a resident *de'facto* corporation and therefore exempt from attachment."

The affidavits before me do not show such a situation. The principal office is in the Hudson Terminal Building in New York. The plaintiff was a "district manager," living at Morristown and keeping at his house certain parts of machinery dealt in by defendant, which, as I read his affidavit, he claims to belong to him. · He makes sales in his New Jersey territory and says his contracts are often approved by the president at East Orange. In all probability the corporation has been doing business in New Jersey in such wise as to be barred from recovery on contracts made here. This, however, need not be decided as it is in no way controlling. The question is, is this corporation liable to attachment under the Goldmark case, or exempt under the Mellor case? If the first, then by the same token summons cannot lawfully be served.

I think the conditions of the Mellor case are not present here. True, there is a president living in this state; but the plant and property are not here. I consider therefore that it is liable to attachment, and that service of summons was not properly made. The service will therefore be set aside.